UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| PAG ENTERPRISES, LLC, | ) | |
| d/b/a Palmer Market | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:09-CV-88 |
| | ) | |
| v. | ) | Lee |
| | ) | |
| SOUTHEAST PETRO DISTRIBUTORS, | ) | |
| INC., d/b/a SKYLINE OIL CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is the motion of PAG Enterprises, LLC, d/b/a Palmer Market ("Plaintiff") to remand this action to the Circuit Court of Grundy County [Doc. 15]. Plaintiff objects to jurisdiction in this Court, claiming that the amount in controversy requirement is not met. Plaintiff's motion restates the legal arguments previously pressed by Plaintiff in its "response" to the notice of removal filed by Southeast Petro Distributors, Inc., d/b/a Skyline Oil Co. ("Defendant") [Doc. 6]. Defendant previously filed a brief in opposition to Plaintiff's "response," and the issue is fully briefed.[1] For the reasons that follow, Plaintiffs' motion to remand [Doc. 15] will be **DENIED**.

**I.  BACKGROUND**

Plaintiff filed a complaint in the Circuit Court of Grundy County, Tennessee, on June 25, 2009, seeking a declaratory judgment that Defendant breached a contract between the parties and

---

[1] At the scheduling conference, the Court informed the parties it would treat the response as a motion to remand and requested that the parties brief the issue. The parties agreed and Defendant filed a reply in opposition to Plaintiff's motion to remand [Doc. 10].

releasing Plaintiff from further performance under that contract [Doc. 1-1 at 4]. Plaintiff also seeks contract damages under a breach of contract theory and alleges that Defendant "manipulated the delivery of fuel to [Plaintiff] and [Plaintiff's competitor] resulting in an unfair trade practice and creating a restraint of trade" in violation of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. §§ 47-18-101 - 130 [Doc. 1-1 at 3]. Plaintiff prayed for "judgment against the Defendant in the amount of $74,000.00, plus court costs, service fees, and attorney's fees pursuant to the applicable statutory provisions alleged." [Doc. 1-1 at 4].[2] Defendant timely filed its notice of removal, stating "[t]he amount in controversy in said action exceeds the sum or value of Seventy-Five Thousand ($75,000) Dollars, exclusive of interest and costs . . . ." Defendant noted the general rule that "the plaintiff is 'master of his complaint' and can plead to avoid federal jurisdiction," but stated that it had filed a counterclaim that was, by itself, in excess of $75,000 [Doc. 1 at 2].[3]

## II. ANALYSIS

A defendant may remove to a federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). If the plaintiff's cause of action does not arise under federal law, the district court will have original jurisdiction if the dispute "is between . . . citizens of different States" and "the matter in controversy

---

[2] The complaint is titled as an action for declaratory judgment, but it requests relief beyond a declaratory judgment as it seeks contract damages and attorney's fees. While, based on the scheduling conference, it is somewhat unclear whether Plaintiff still intends to seek a declaratory judgment, the existence of another adequate remedy does not necessarily preclude a judgment for declaratory relief. Fed. R. Civ. P. 57.

[3] Defendant's counterclaim, alluded to in the notice of removal [Doc. 1 at 2] and Defendant's brief opposing remand [Doc. 10 at 1], does not appear in the record. *See* Docket Sheet.

2

exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a).[4]

For purposes of determining whether the amount in controversy requirement is met, the amount claimed by the plaintiff generally controls, so long as the claim was brought in good faith. *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623, 628 (6th Cir. 2009). If a party seeks to *defeat* diversity jurisdiction, that party must show "to a legal certainty" that the claim is less than the jurisdictional threshold. *Id.* In contrast, if a party seeks to *invoke* diversity jurisdiction to remove a case from state court, that party need only show that damages are "more likely than not" to exceed the jurisdictional threshold at the time of removal. *Smith v. Nationwide Property and Casualty Ins. Co.*, 505 F.3d 401 (6th Cir. 2007) (stating the "more likely than not" standard); *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (noting jurisdiction is measured at time of removal). The burden to prove that the jurisdictional threshold is met remains on a defendant seeking removal "throughout the litigation," whether the propriety of removal is questioned *sua sponte* by the court or on motion of the plaintiff. *Gafford v. General Elec. Co.*, 997 F.2d 150, 160 (6th Cir. 1993).

As both parties acknowledge, there is a split among the district courts in the Sixth Circuit regarding whether a defendant's counterclaim can be aggregated with the plaintiff's *ad damnum* in order to satisfy the amount in controversy requirement. *See Sanford v. Gardenour*, 225 F.3d 659, 2000 WL 1033025, at *3 (6th Cir. 2000) (unpublished) (acknowledging, but not resolving, the split in authority). In the absence of binding authority, the district courts have advanced persuasive arguments for both conclusions. The traditional rule, which is also the majority rule, is that

---

[4] The diverse citizenship of the parties is not in dispute: Plaintiff is a corporation organized under the laws of Tennessee with its principal place of business in Tennessee [Doc. 1-1 at 1], and Defendant is a corporation organized under the laws of Alabama with its principal place of business in Alabama [Doc. 1 at 1].

3

counterclaims may not be aggregated. *Id.*; *Maloan v. Bancorpsouth Bank, Inc.*, 2002 WL 1397266, at *2 (W.D. Tenn. 2002). In *Maloan*, the Western District of Tennessee adopted the majority rule, noting that Congress intended to limit removal jurisdiction in order to protect the plaintiff's choice of forum and prevent usurpation of state court authority by federal courts. *Id.* at *3-4. In contrast, in *Swallow & Assocs. v. Henry Molded Prods., Inc.*, the Eastern District of Michigan adopted the minority rule, citing a concern that depriving a defendant of a federal forum in a case the defendant could have originally brought in federal court would create a race to the courthouse. 794 F. Supp. 660, 662 (E.D. Mich. 1992)). This Court has not adopted either rule, and there is no need to do so herein, because Plaintiff's complaint, on its face, shows the amount in controversy is in excess of $75,000.

Plaintiff's complaint, as noted above, prays for judgment in the amount of $74,000, "plus court costs, service fees, and *attorney's fees* pursuant to the applicable statutory provisions alleged." [Doc. 1-1 at 4 (emphasis added)]. Although attorney's fees, as a general rule, are excluded from the amount in controversy, they should be included when "the fees are provided for by contract or where a statute mandates or expressly allows [their] payment." *Williamson*, 481 F.3d at 376.

Here, Plaintiff seeks attorney's fees under the TCPA, which expressly allows the award of such fees. Tenn. Code Ann. § 47-18-109(e)(1) (empowering the court to award "reasonable attorney's fees and costs"). For that reason, *Williamson* is controlling, and the claimed attorney's fees must be included in calculating the amount in controversy. Because Plaintiff claims $74,000 in damages, the jurisdictional threshold will be satisfied so long as Plaintiff's attorney's fees are more likely than not to exceed $1,000. It would be wholly unrealistic to expect Plaintiff's attorney's fees to fall short of $1,000. *Compare R & D Village Square v. Murk's Village Market, Inc.*, 2007

4

WL 3473703, *5 (W.D. Mich. 2007) (assuming that the plaintiff in a breach of contract/lease case would incur "at least $9,355.96 in [attorney's] fees") *with Francis v. Madison Nat'l Life Ins. Co.*, 2009 WL 2390579, at *5 (E.D. Mich. Jul. 31, 2009) (declining to assume that attorney's fees would make up a $30,000 shortfall in reaching the amount in controversy requirement). Therefore, the Court finds that Defendant has met its burden of showing the amount in controversy is more likely than not in excess of $75,000. *See Gafford*, 997 F.2d at 160.

## III. CONCLUSION

For the reasons stated above, Plaintiff's motion to remand [Doc. 15] is **DENIED**.

SO ORDERED.

ENTER:

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE
