UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| PAG ENTERPRISES, LLC, | ) | |
| d/b/a Palmer Market | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:09-CV-88 |
| | ) | |
| v. | ) | Lee |
| | ) | |
| SOUTHEAST PETRO DISTRIBUTORS, | ) | |
| INC., d/b/a SKYLINE OIL CO., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Southeast Petro Distributors, Inc., d/b/a Skyline Oil Co. filed a notice of removal in this action on August 28, 2009 [Doc. 1]. The parties' subsequent pleadings allude to an answer and counterclaim asserted against Plaintiff. Defendant's answer and counterclaim, however, does not appear in the record before the Court.

Although a defendant seeking removal is not required to provide the district court with its own pleadings, 28 U.S.C. § 1446(a) (an action removed to the district court must be noticed with a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders *served upon such defendant*") (emphasis added), Fed. R. Civ. P. 81(c) assumes that the parties will in fact provide all the state court pleadings to the district court. That rule provides, in pertinent part: "After removal, repleading is unnecessary unless the court orders it. A defendant *who did not answer before removal* must answer or present other defenses or objections under these rules . . . ." Fed. R. Civ. P. 81(c)(2) (emphasis added). If a defendant did answer in state

court, on the other hand, the rule assumes the court will have access to such answer, because "repleading is unnecessary." *Id.* As the rule empowers the Court to order the parties to submit pleadings if the record before the Court is incomplete, the Defendant, as removing party, is **ORDERED** to submit any state court pleadings not currently in the record before the Court. Any such submissions shall be made within five days of the entry of this Order.

    SO ORDERED.

    ENTER:

                                                         s/*Susan K. Lee*
                                                        SUSAN K. LEE
                                                        UNITED STATES MAGISTRATE JUDGE